# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JEFFERSON COUNTY EMERGENCY SERVICES AGENCY,**
**Employer Below, Petitioner**

**FILED**
**December 4, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.)  No. 25-ICA-205**          (JCN: 2024018280)

**GEORGE WILSON,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Jefferson County Emergency Services Agency ("Jefferson") appeals the May 13, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent George Wilson timely filed a response.[1] Jefferson did not reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order and holding the claim compensable for cervical radiculopathy.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Wilson completed an Employees' and Physicians' Report of Occupational Injury dated April 11, 2024. Mr. Wilson, a paramedic, asserted that he injured his back and shoulders while training at work on February 17, 2024. The physician's portion was completed by Theresa Triggs, FNP, on April 11, 2024, and notes that Mr. Wilson suffered an occupational injury to his neck and both arms. FNP Triggs also indicated that Mr. Wilson had paresthesia.[2] FNP Triggs stated that the injury aggravated a prior injury and listed degenerative disc disease.

An undated Employers' Report of Occupational Injury states that Mr. Wilson notified Jefferson of the injury on February 20, 2024. The form indicates that Mr. Wilson

---

[1] Jefferson is represented by James W. Heslep, Esq. Mr. Wilson is represented by Christopher J. Wallace, Esq.

[2] The record indicates that paresthesia is a feeling of tingling, prickling, numbness, and crawling skin.

was injured while participating in a fire rescue training with a life size mannequin; that he was inside a container in full turn out gear with a fog machine running; that he experienced a pulling of his nerves in the clavicle area and low back pain; that he was unable to grip the victim for rescue; that he injured his low back and leg, and had weakened grip strength; and that Jefferson had no reason to question his injury.

On April 26, 2024, the claim administrator issued an order rejecting the claim, on the basis that Mr. Wilson did not sustain an injury in the course of and resulting from his employment. The claim administrator noted that the Report of Occupational Injury indicated that this injury aggravated a previous one. Mr. Wilson protested this order to the Board.

On May 28, 2024, Mr. Wilson followed up with FNP Triggs. Mr. Wilson reported weakness of the left hand and left arm, and continued pain with no improvement. FNP Triggs noted that on February 17, 2024, Mr. Wilson was training with a pack on his back weighing about forty pounds and was on his knees when he suddenly had pain down his right arm and lower back and had to be helped up. FNP Triggs assessed left arm pain; left shoulder pain; arm paresthesia, left; left arm weakness; severe pain; and chronic shoulder pain. FNP Triggs noted that Mr. Wilson might have a rotator cuff tear, and possible cervical radiculopathy or nerve impingement.

In correspondence dated July 30, 2024, FNP Triggs indicated that she evaluated Mr. Wilson on July 30, 2024. FNP Triggs stated that Mr. Wilson was still suffering from what she believed to be cervical radiculopathy secondary to a neck injury. Further, FNP Triggs said that she believed Mr. Wilson's claim was denied because his captain checked the box about a previous injury on the Report of Occupational Injury without notifying one of Mr. Wilson's providers to verify this fact. However, FNP Triggs noted that when she evaluated Mr. Wilson on November 27, 2023, he had no weakness of the arms, but when she evaluated him again on April 11, 2024, he had arm weakness.

By order dated May 13, 2025, the Board reversed the claim administrator's order and held the claim compensable for cervical radiculopathy. The Board remanded the claim to the claim administrator with instructions to issue a protestable order addressing Mr. Wilson's entitlement to temporary total disability benefits. The Board found that based on the preponderance of the evidence, Mr. Wilson suffered a discrete injury, cervical radiculopathy, on February 17, 2024, in the course of and resulting from his employment. It is from this order that Jefferson now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the
> Workers' Compensation Board of Review or remand the case for further

2

proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal Jefferson argues that the Board erred in holding the claim compensable for radiculopathy, because it is a symptom of Mr. Wilson's pre-existing cervical spine degeneration and is not a compensable injury. Further, Jefferson asserts that FNP Triggs stated that Mr. Wilson's radicular symptoms arose after the alleged injury, but she did not identify any new acute injury.

The Supreme Court of Appeals of West Virginia ("SCAWV") held in Syllabus Point 3 of *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016):

A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable.

The SCAWV clarified its position in *Moore v. ICG Tygart Valley*, 247 W. Va. 292, 879 S.E.2d 779 (2022), holding:

A claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the [compensable] injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continually manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive, it may be rebutted by the employer.

3

*Id.* at 294, 879 S.E.2d at 781, syl. pt. 5.

The Board's decision also noted this Court's holding in *Blackhawk Mining v. Argabright*, 251 W. Va. 549, 915 S.E.2d 7 (Ct. App. 2023)[3], which stated that "*Gill* and *Moore* do not render preexisting injuries compensable. Compensability is limited only to discrete new injuries and disabilities that manifest following the compensable injury."

Here, the Board determined that Mr. Wilson sustained a discrete new injury in the course of and resulting from his employment on February 17, 2024. Further, the Board analyzed the claim under *Gill*, *Moore*, and *Argabright*, and determined that the claim should be held compensable for cervical radiculopathy. FNP Triggs opined that Mr. Wilson suffered from cervical radiculopathy secondary to his neck injury. Further, FNP Triggs noted that when she evaluated Mr. Wilson on November 27, 2023, he had no weakness of the arms, but when she evaluated him again on April 11, 2024, he had arm weakness. The Board noted that there is no indication in the record that Mr. Wilson was diagnosed with cervical radiculopathy prior to the injury of February 17, 2024.

We find no merit in Jefferson's argument that radiculopathy may not be held compensable because it is a symptom and not a diagnosis. We note that in *Moore*, the SCAWV specifically held cervical radiculopathy to be a compensable condition in Mr. Moore's claim because his preexisting degenerative disease in his cervical spine was asymptomatic until "the compensable injury caused him to develop cervical radiculopathy, a new distinct injury." *Moore*, 247 W. Va. at 302, 879 S.E.2d at 789.

We conclude that the Board was not clearly wrong in finding that Mr. Wilson established that he sustained a discrete new injury in the course of and resulting from his employment on February 17, 2024. Further, the Board was not clearly wrong in finding that the evidence supports a compensable diagnosis of cervical radiculopathy. As the SCAWV has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones, which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in reversing the claim administrator's order rejecting the claim.

Accordingly, we affirm the Board's May 13, 2025, order.

Affirmed.

---

[3] This Court's decision was affirmed by the SCAWV in *Argabright v. Blackhawk Mining, LLC*, No. 23-381, 2024 WL 3984505 (W. Va. Aug. 27, 2024) (memorandum decision).

**ISSUED:** December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White